IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JESSICA ANN GLASS,)
)
    Plaintiff,)
)
    v.) Civil Action No. 14-237-E
)
)
CAROLYN W. COLVIN, ACTING)
COMMISSIONER OF SOCIAL SECURITY,)
)
    Defendant.)

O R D E R

AND NOW, this 30th day of September, 2015, upon consideration of the parties' cross-motions for summary judgment, the Court, upon review of the Commissioner of Social Security's final decision, denying Plaintiff's claim for supplemental security income benefits under Subchapter XVI of the Social Security Act, 42 U.S.C. § 1381, et seq., finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms. See 42 U.S.C. § 405(g); Jesurum v. Secretary of U.S. Dep't of Health & Human Servs., 48 F.3d 114, 117 (3d Cir. 1995); Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992), cert. denied sub nom., 507 U.S. 924 (1993); Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988); see also Berry v. Sullivan, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal court may neither reweigh the evidence,

nor reverse, merely because it would have decided the claim differently) (citing Cotter v. Harris, 642 F.2d 700, 705 (3d Cir. 1981)).[1]

---

[1] Plaintiff asserts that the decision of the Administrative Law Judge ("ALJ") is not supported by substantial evidence because the ALJ did not rely on an opinion from an examining or non-examining source to support his mental residual functional capacity assessment ("RFC") for Plaintiff. The Court disagrees and finds that substantial evidence supports the ALJ's findings as well as his ultimate determination of Plaintiff's non-disability.

The Court notes initially that Plaintiff's argument is essentially based on a mistaken understanding of the decision issued by the Court of Appeals for the Third Circuit in Doak v. Heckler, 790 F.2d 26 (3d Cir. 1986). As this Court previously explained in Doty v. Colvin, 2014 WL 29036 (W.D. Pa. Jan. 2, 2014), and in Callahan v. Colvin, 2014 WL 7408700 (W.D. Pa. Dec. 30, 2014), the Doak decision does not hold that an ALJ's RFC findings must be based on a specific medical opinion. Rather, the Court of Appeals in Doak held simply that nothing in that particular record supported the finding by the ALJ that the plaintiff could perform light work. The Court of Appeals never suggested, however, that a finding of ability to perform light work could only be made if an opinion had clearly stated that the claimant could perform such work.

Moreover, it is well-established that "[t]he ALJ—not treating or examining physicians or State agency consultants—must make the ultimate disability and RFC determinations." Chandler v. Comm'r of Soc. Sec., 667 F.3d 356, 361 (3d Cir. 2011); see also 20 C.F.R. §§ 416.927(d)(2), 416.946(c); S.S.R. 96-5p, 1996 WL 374183 (S.S.A. 1996). Additionally, "[t]here is no legal requirement that a physician [must] have made the particular findings that an ALJ adopts in the course of determining an RFC." Titterington v. Barnhart, 174 Fed. Appx. 6, 11 (3d Cir. 2006); see also Chandler, 667 F.3d at 362 (holding that every fact incorporated into an RFC does not have to have been found by a medical expert). In fact, the Circuit Court in Titterington clearly noted that "[s]urveying the medical evidence to craft an RFC is part of the ALJ's duties." 174 Fed. Appx. at 11. Accordingly, Doak does not prohibit the ALJ from making an RFC assessment if no doctor has specifically made the same findings. See Hayes v. Astrue, 2007 WL 4456119, at *2 (E.D. Pa. Dec. 17, 2007). The Circuit Court, under the facts of that case, simply made a substantial evidence finding in light of a limited record; it did not create a new rule that an RFC determination must be based on a specific medical opinion. Further, this general understanding is confirmed by subsequent Third Circuit case law. See Mays v. Barnhart, 78 Fed. Appx. 808, 813 (3d Cir. 2003).

In fact, an RFC is properly based on all of the relevant evidence in the case record. See 20 C.F.R. § 416.945. Therefore, the ALJ is not limited to choosing between competing opinions in the record, and may instead develop his own. See 20 CFR § 416.946(c). The ALJ is thus not required to rely only on a particular physician's opinion, and the RFC finding is

2

actually an administrative—rather than a medical—determination. See 96-5p, 1996 WL 374183, *5. Moreover, although reliance on physicians' opinions is common, "the regulations do not require ALJs to seek outside expert assistance." See Chandler, 667 F.3d at 362.

In the case at bar, the Court finds that substantial evidence supports the ALJ's RFC assessment that Plaintiff could perform a range of low stress, simple work with limited personal interactions. In reaching this conclusion, the ALJ explained that, reviewing the objective evidence in the record, Plaintiff's medical history was simply inconsistent with—and did not support—her disability claims. (R. 24). After discussing the record evidence at great length, the ALJ noted that Plaintiff's treatment from her primary care providers was so sporadic and conservative in nature that it simply did not support a finding of disability. (R. 25). The ALJ also reviewed Plaintiff's brief hospital admissions, noting that they were related to drug and alcohol abuse and improved quickly with treatment. (R. 25). Also, the ALJ surveyed Plaintiff's other ER visits for various temporary and transient physical problems and observed that Plaintiff failed to report significant mental problems. (R. 26). Additionally, the ALJ considered subjective factors concerning Plaintiff's case, and found her to be not fully credible. In so doing, the ALJ noted that Plaintiff had relatively full and independent activities of daily living, including preparing meals, caring for pets, doing household chores, shopping, watching television, and engaging in independent personal care activities. (R. 26). The ALJ also reviewed Plaintiff's subjective complaints, but, considering her corresponding medical treatment and use of medication, found her credibility to be severely diminished. (R. 26-27).

Nevertheless, Plaintiff claims that the ALJ should have obtained a consultative examination or medical expert testimony in order to develop the record more fully. However, the state agency did in fact schedule a consultative examination, for which Plaintiff failed to appear, despite the fact that she was given several reminders. As a consequence, the state agency psychologist, Melissa Diorio, Psy.D., found that there was insufficient evidence to complete a psychiatric review technique assessment due to Plaintiff's failure to cooperate. (R. 27, 67-72). Under the regulations, Plaintiff's application could have been denied outright for her failure to appear at her examination. See 20 C.F.R. § 416.918(a) (advising a claimant, "If you are applying for benefits and do not have a good reason for failing or refusing to take part in a consultative examination or test which we arrange for you to get information we need to determine your disability or blindness, we may find that you are not disabled or blind."); 20 C.F.R. 416.920b(d) (stating to a claimant that, if efforts are made to obtain evidence, but "the evidence is insufficient to determine whether you are disabled, we will make a determination or decision based on the evidence we have."). Nevertheless, instead of just denying Plaintiff benefits, based on her failure to participate in her scheduled examination, as he could have done, the ALJ considered Plaintiff's failure to attend the examination in connection with her credibility. See Watters v. Colvin, 2014 WL 1268566, at *9 (M.D. Pa. Mar. 26, 2014) (affirming the ALJ's decision where the failure to attend a consultative examination was considered in analysis of the claimant's credibility).

Therefore, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (Doc. No. 7) is DENIED and Defendant's Motion for Summary Judgment (Doc. No. 10) is GRANTED.

s/Alan N. Bloch<br>United States District Judge

ecf: Counsel of record

---

The Court notes, additionally, that Plaintiff's argument that the ALJ failed to develop the record fully is particularly unpersuasive in this case. It is true that an ALJ has a duty to develop a full and fair record in a Social Security case. See Ventura v. Shalala, 55 F.3d 900, 902 (3d Cir. 1995); Carmichael v. Barnhart, 104 Fed. Appx. 803, 805 (3d Cir. 2004). In this case, the ALJ clearly fulfilled his duty. Here, a consultative examination was scheduled by the state agency, but Plaintiff failed to show up for it. Nothing in the record indicates that Plaintiff or her counsel requested a new examination date, nor have Plaintiff or her counsel provided an explanation for her failure to appear. In fact, even in Plaintiff's brief in support of her summary judgment motion, no clear explanation is provided for her failure to appear at the examination. Rather, the brief states that "[t]here may have been good reasons for Plaintiff's failure to attend the consultative examination." (Doc. No. 8, at 7). Furthermore, at no point during the administrative hearing itself—during which Plaintiff was represented by, and questioned by, counsel—did Plaintiff's counsel take the opportunity to explain why Plaintiff had neglected to attend her consultative examination, nor did Plaintiff or her counsel indicate that any additional evidence needed to be included in the record. Nothing in the record, therefore, demonstrates that the ALJ failed to fulfill his duty in this case.

Based on the evidence of record, therefore, the Court finds that the ALJ thoroughly discussed his consideration of all of the relevant evidence—including Plaintiff's daily activities of living, her course of medical treatment, and the credibility of her testimony overall—and made an appropriate RFC determination, which included several limitations stemming from her mental impairments. As discussed, supra, nothing in the statute, in the regulations, or in the case law requires the existence of an outside medical opinion for the ALJ to make the RFC determination that he made in this case. See Chandler, 667 F.3d at 362. Therefore, the Court finds that substantial evidence supports the ALJ's ultimate determination that Plaintiff retains the ability to perform work consistent with his RFC finding. Accordingly, the Court affirms.